## AFFIDAVIT OF SPECIAL AGENT JENNIFER L. WEIDLICH

I, Jennifer L. Weidlich, being duly sworn, depose and state as follows:

### INTRODUCTION

1. I have been employed as a Special Agent of the FBI for approximately sixteen years. I am currently assigned to the Worcester Resident Agency of the Boston Division and the Child Exploitation and Human Trafficking Task Force. While employed by the FBI, I have investigated federal criminal violations related to, among other things, the on-line sexual exploitation of children. I have gained experience through the FBI Academy's Basic Crimes Against Children course, conferences involving Innocent Images and Crimes Against Children, and I have investigated numerous child exploitation cases. I have received training in the area of child pornography and child exploitation, and I have had the opportunity to observe and review numerous examples of child pornography (as defined in Title 18, United States Code, Section 2256(8)) in all forms of media, including computer media.

2. As a federal agent, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States, to include criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including, but not limited to, violations of 18 U.S.C. §§ 2422, 2423, 2251, and 2252A. I have received training in the investigation of child exploitation offenses, including child pornography, and have had the opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

### PURPOSE OF AFFIDAVIT

3. I submit this affidavit in support of a criminal complaint charging Christopher RONDEAU (born 1985) with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

4. I am familiar with the facts and circumstances of this investigation from my own personal participation and reports from other law enforcement agents. This affidavit is submitted for the limited purpose of establishing probable cause to believe that Christopher RONDEAU has committed the above offense. Accordingly, I have not included each and every fact known to me

and other law enforcement officers involved in the investigation of Christopher RONDEAU. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## PREVIOUS PROSECUTION OF CHRISTOPHER RONDEAU

5. On September 21, 2015, the Court authorized a federal criminal complaint for receipt of child pornography and possession of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (a)(5)(B), respectively.

6. On July 12, 2016, RONDEAU entered a guilty plea to one count of Receipt of Child Pornography, in violation of Title 18, United States Code, section 2252A(a)(5). On October 5, 2016, the Court sentenced RONDEAU to serve 68 months of incarceration followed by 7 years of supervised release.

7. RONDEAU was released from federal custody on August 27, 2019. RONDEAU is registered as a Level II sex offender in the Commonwealth of Massachusetts with a current residential address in Auburn, Massachusetts. He is presently on supervised release and is supervised by the U.S. Probation Office for the District of Massachusetts.

## PROBABLE CAUSE

8. On November 4, 2020, I obtained a search warrant to search RONDEAU's residence in Auburn, Massachusetts. (*See* Case No. 20-mj-4256-DHH).

9. On November 6, 2020, agents executed the search warrant. Agents searched RONDEAU's bedroom and seized an Alcatel 6062W mobile device (the "Alcatel Phone") that was hidden underneath a dresser in that bedroom.

10. The Alcatel Phone was powered on and it was connected to the internet service when it was located. After taking photographs to document the location where the Alcatel Phone was

discovered and detailed photographs of the Alcatel Phone itself, agents then placed the Alcatel Phone into airplane mode.

11. While accessing the settings menu from the lock screen, notifications from what appeared to be the Kik Messenger application were observed. These notifications contained following text:

> "Anything goes, Chat and have fun Nude: Nice vids"
> Worc ma.USA35+singles Casion: Empty profile pict…"
> "Pteen fun Alex: New picture message!"
> "ChillPedBros (15 & Up) Joe: Nice!!!!
> "Teen_tra.des Teen_Tra.des:Maruys Popes… +5"

12. RONDEAU had previously provided agents with a "swipe pattern" to unlock two other Samsung devices. Agents used that same swipe pattern to successfully unlock the Alcatel Phone. An advanced logical data extraction was successfully conducted.

13. Agents then conducted a preliminary analysis of the Alcatel Phone and located a photo that depicted an adult male resembling RONDEAU with a beach setting in the background. The adult male's arm is extended in a manner which appears consistent with taking a photo of one's self.

14. Further analysis of the Alcatel Phone revealed that the device contained approximately 168 video files and approximately 1018 image files in total.

15. Initial review of the 1018 image files revealed approximately 23 images depicting child pornography, and it appears likely that additional image files depicting child pornography will be discovered on the Alcatel Phone.

16. Initial review of the video files showed that almost all of the 168 files appeared to depict pornography of females, and many of those files appeared to depict child pornography.

17. The ages of the female minors seen in the videos range from approximately 5-17 years old. In some of the videos, the age of the females depicted is difficult to determine, though there are multiple child pornography videos with children in the approximate age range of 5-9 years old.

18. 

19. 

---

[1] To avoid unnecessary in-person interaction given the health concerns posed by the current COVID-19 pandemic, I do not plan to provide a copy of these images to the Court. I am aware that the "preferred practice" in the First Circuit is that a Magistrate Judge view images relied upon for the issuance of a criminal complaint, and, in this context, to determine whether the images depict the child pornography. *See United States v. Brunette*, 256 F.3d 14, 18-19 (1st Cir. 2001). Here, however, the descriptions I offer throughout "convey to the magistrate more than [my] mere opinion that the images constitute child pornography." *United States v. Burdulis*, 753 F. 3d 255, 261 (1st Cir. 2014) (distinguishing *Brunette*). As stated herein, the images depict a lascivious display of the genitals of prepubescent minor children. *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice is for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added). The description of the files here is specific as to the age of the alleged child and the nature of the sexually explicit content that it depicts, and the Court thus need not view the file to find that it depicts child pornography.

## CONCLUSION

Based on the foregoing, there is probable cause to believe that on November 6, 2020, Christopher RONDEAU possessed child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and I request that the Court issue a criminal complaint.

Sworn to under the pains and penalties of perjury,

*Jennifer L. Weidlich /JLW*
Jennifer L. Weidlich
Special Agent
Federal Bureau of Investigation

Sworn to via telephone in accordance with Federal Rule of
Criminal Procedure 4.1 on November 6, 2020:    1:49 p.m.

*David H. Hennessy*
David H. Hennessy
United States Magistrate Judge

5